IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION


BRIAN M. LONG,                           )
                                         )
        Plaintiff,                       )
                                         )
VS.                                      )            No. 17-1102-JDT-cgc
                                         )
HENRY COUNTY JAIL and CORPORAL )
THOMAS,                                  )
                                         )
        Defendants.                      )


_____

ORDER DIRECTING PLAINTIFF TO COMPLY WITH
28 U.S.C. § 1915(a)(1)-(2) OR PAY THE $400 CIVIL FILING FEE

_____


On June 2, 2017, Plaintiff Brian M. Long, who is incarcerated at the Benton County

Jail in Camden, Tennessee, filed a *pro se* civil complaint. (ECF No. 1.) However, Plaintiff

neglected to submit either the $400 civil filing fee required by 28 U.S.C. §§ 1914(a)-(b) or

an application to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a

prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1]

Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore*

_____

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to
§ 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by
the Judicial Conference of the United States." The Judicial Conference has prescribed an
additional administrative fee of $50 for filing any civil case, except for cases seeking habeas
corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28
U.S.C. § 1915. Thus, if Plaintiff is granted leave to proceed *in forma pauperis*, he will not be
liable for the additional $50 fee.

*v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. However, in order to take advantage of the installment procedures, the prisoner must complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

Therefore, Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee or a properly completed and executed application to proceed *in forma pauperis* and a certified copy of his inmate trust account statement for the last six months.[2] The Clerk is directed to mail Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order. If Plaintiff needs additional time to submit the necessary documents, he may, within 30 days after the date of this order, file a motion for an extension of time.

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner the Court will deny

---

[2] Plaintiff submitted two complaints in separate envelopes, both of which were received on June 2, 2017. The complaints involve distinct incidents and were opened as separate cases; therefore, Plaintiff must submit either *in forma pauperis* documentation or the entire $400 filing fee for each case.

leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his inmate trust

account without regard to the installment payment procedures, and dismiss the action without

further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

*McGore*, 114 F.3d at 605.[3]

IT IS SO ORDERED.

 s/ **James D. Todd**           
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).